**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 7 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ISRAEL ROMERO-AMAYA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-1090

Agency No.
A208-536-644

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2025**
Pasadena, California

Before: WARDLAW, CALLAHAN, and HURWITZ, Circuit Judges.

Israel Romero-Amaya, a native and citizen of El Salvador, seeks review of a

decision by the Board of Immigration Appeals ("BIA") dismissing an appeal from

an order of an Immigration Judge ("IJ") denying his applications for asylum,

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

The sole issue on appeal is whether the BIA applied the correct standard of review to the IJ's decision. "Whether the BIA applied the correct standard of review to the IJ's decision is a question of law, and is thus reviewed de novo." *Vitug v. Holder*, 723 F.3d 1056, 1062–63 (9th Cir. 2013). "[W]here the BIA applies the wrong legal standard to an applicant's claim, the appropriate relief from this court is remand for reconsideration under the correct standard," *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1058 (9th Cir. 2006), although remand is not required if it would be futile because application of the correct legal standard would not affect the BIA's decision, *Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2023) (per curiam).

1. We reject Amaya's contention that remand is required on the ground that the BIA applied an improper standard of review when assessing the IJ's denial of asylum and withholding of removal. Amaya characterizes the BIA's determination that "there [was] no clear error" in the IJ's conclusion that Amaya "ha[d] not identified any other social group or protected ground to apply in his case" as a nexus issue requiring de novo review. But the question of whether Amaya presented any other protected grounds that could serve as the basis for asylum or withholding of removal is different from the "ultimate" nexus question

of "whether a persecutor's motives meet the nexus legal standards, i.e., whether a protected ground was 'one central reason' (for asylum) or 'a reason' (for withholding of removal) for the past or feared harm." *Umana-Escobar v. Garland*, 69 F.4th 544, 552–53 (9th Cir. 2023).

Even if the question whether Amaya raised a political opinion claim before the IJ is a question of law that the BIA should have reviewed de novo, any error was harmless. Our own de novo review of the record confirms that Amaya did not raise a political opinion claim before the IJ. Moreover, the BIA considered Amaya's newly raised claim and determined that it failed on the merits. Therefore, even if the BIA erred in stating its standard of review, "remand to the BIA 'would be an idle and useless formality,' and we will not 'convert judicial review of agency action into a ping-pong game.'" *Singh*, 935 F.3d at 827 (citation omitted).

2. We also reject Amaya's contention that the BIA applied the improper standard of review to the IJ's denial of CAT relief. "The BIA reviews an IJ's CAT determination under a mixed standard of review: first, the BIA reviews for clear error the IJ's predictive factual findings as to whether a petitioner will be tortured in the country of removal, and second, the BIA exercises de novo review to determine whether those facts meet the legal requirements for CAT relief." *Park v. Garland*, 72 F.4th 965, 979 (9th Cir. 2023).

The BIA "agree[d] with [the IJ's] assessment that the respondent did not

suffer harm amounting to past torture." Whether Amaya's past experiences, as found by the IJ, rose to the level of torture is a matter of law to which de novo review applies. *See Park*, 72 F.4th at 979. The string-cite that follows the BIA's conclusion shows that the BIA applied de novo legal analysis, not appellate factfinding, to the determination of whether Amaya presented a meritorious CAT claim.

The BIA's conclusion that "there is no clear error in the Immigration Judge's finding that the respondent has failed to demonstrate a likelihood of future torture with the requisite state torture in El Salvador" was also proper, because the likelihood of future torture is a factual finding appropriately reviewed for clear error. *See Guerra v. Barr*, 974 F.3d 909, 915 (9th Cir. 2020). The BIA supported this standard of review by citing to 8 C.F.R. §§ 1208.14–16 and *Ridore v. Holder*, 696 F.3d 907, 914-15 (9th Cir. 2012), and applied the legal standard to the IJ's determination of what might happen if Amaya is deported.

**PETITION FOR REVIW DENIED.**[1]

---

[1] Petitioner's Motion to Stay Removal (Dkt. No. 2) is denied as moot. The temporary stay (Dkt. No. 10) will dissolve when the mandate issues.